FILED
FEBRUARY 7, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Case 1:08-cv-00830   Document 1   Filed 02/07/2008   Page 1 of 16

JN.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARVIN FRAZIER | ) | |
| | ) | |
| Plaintiff, | ) | **08 C 830** |
| | ) | |
| v. | ) No. | |
| | ) | |
| | ) | |
| CHICAGO POLICE OFFICERS | ) JUDGE | **JUDGE COAR** |
| A. KROLL, Star # 14373, P. STEVENS, | ) | **MAGISTRATE JUDGE VALDEZ** |
| Star # 11114, A. CRISCIONE, Star # 16195, | ) | |
| COMMANDER A. WYSINGER, | ) | |
| UNKNOWN CHICAGO POLICE | ) | |
| OFFICERS, and the CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

## COMPLAINT

NOW COMES the plaintiff, MARVIN FRAZIER, through his attorney, Jared S. Kosoglad, and complaining of the defendants CHICAGO POLICE OFFICERS A. KROLL, Star # 14373, P. STEVENS, Star # 11114, A. CRISCIONE, Star # 16195, COMMANDER A. WYSINGER, UNKNOWN CHICAGO POLICE OFFICERS, and the CITY OF CHICAGO, states as follows:

### INTRODUCTION

1. This is a civil action seeking damages against defendants for committing acts under color of law, and depriving plaintiffs of rights secured by the Constitution and laws of the United States.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., § 1983, and § 1985; the judicial code 28 U.S.C., § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C., §

1367(a).

## PARTIES

3. Plaintiff is a citizen of the United States of America, who currently resides in Chicago, Cook County, Illinois.

4. Defendants, Chicago Police Officers, A. KROLL, P. STEVENS, A. CRISCIONE, COMMANDER A. WYSINGER, and other Unknown Chicago Police Officers, were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their individual capacities.

5. Defendant City of Chicago, ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the police officer defendants.

## FACTS

6. On or about February 7, 2007, at approximately 6:00 p.m., Marvin Frazier was in the area of Central Avenue, in Chicago, Cook County, Illinois.

7. On February 7, 2007, without any lawful basis, defendants Kroll and Stevens arrested Marvin Frazier.

8. On February 7, 2007, Marvin Frazier was not charged with any crime.

9. Marvin Frazier was not transported to Cook County Jail.

10. Defendants Kroll, Stevens, and other Unknown Chicago Police Officers made verbal contact with Marvin Frazier at the police station.

11. Defendant Kroll provided Marvin Frazier with his cellular telephone number.

12. Marvin Frazier was released from police custody with instructions to telephone defendant Kroll with information about drug activity. No police officer

obtained written acknowledgement of any kind that Marvin Frazier agreed to be an informant.

13. On more than one occasion after and excluding the February 7, 2007 arrest, defendant Kroll illegally seized Marvin Frazier without any lawful basis.

14. During the seizures described in ¶ 13, defendant Kroll demanded information about drug activity.

15. Prior to March 23, 2007, the Chicago Police Department's Internal Affairs Division ("IAD") interviewed Marvin Frazier in connection with the events described in this Complaint.

16. The suspects of IAD's investigation were defendants Kroll and Stevens.

17. Prior to March 23, 2007, the IAD investigator, a sergeant, spoke with Marvin Frazier's attorney.

18. Prior to March 23, 2007, Marvin Frazier's attorney telephoned defendant Kroll's cellular phone.

19. Marvin Frazier's attorney told defendant Kroll that Marvin Frazier had legal representation. Continuing, the attorney told defendant Kroll that any future questions to Marvin Frazier should be directed to his attorney.

20. Defendant Kroll, in response, overtly stated that he was, "gonna go get," Marvin Frazier right now. During this conversation, defendant Kroll implied that he intended to arrest Marvin Frasier on false charges. Defendant Kroll then hung up his phone.

21. Marvin Frazier's attorney telephoned IAD and told the investigator about the phone call with defendant Kroll.

22. Marvin Frazier's attorney telephoned defendant Commander Al Wysinger in regards to the threats of defendant Kroll.

23. The next day, defendant Commander Al Wysinger returned Mr. Frazier's attorney's telephone call.

24. Defendant Commander Al Wysinger, after being told about the harassment and threats described above, assured the attorney that defendant Kroll would not bother or touch Mr. Frazier again.

25. Defendant Commander Al Wysinger reassigned defendant Kroll to another beat and separated defendant Kroll from his partner, defendant Stevens.

26. Defendant Commander Al Wysinger did not initiate a complaint register or any other investigation into the allegations of Mr. Frazier's attorney. Defendant Commander Al Wysinger did not make any contact with IAD or OPS in regards to the allegations of Mr. Frazier's attorney.

27. Without any lawful basis, on March 23, 2007, defendants Stevens and Criscione arrested Marvin Frazier.

28. Defendant Stevens contacted defendant Kroll to inform defendant Kroll that, "we got our guy."

28. On March 23, 2007, the IAD investigator was made aware of the defendants' conduct. While Mr. Frasier was in police custody, defendant Kroll, Stevens, and/or Criscione searched information inside Mr. Frasier's cellular telephone and used the cellular telephone without Mr. Frasier's permission.

29. On February 7, 2007, defendants Kroll, Stevens, and Unknown Chicago Police Officers conspired and agreed amongst themselves to illegally search, seize, and arrest Marvin Frazier, and to hide and conceal evidence of their illegalities.

30. On or about March 16, 2007 through and including March 23, 2007, defendants Kroll, Criscione, and Stevens conspired and agreed amongst themselves to falsely charge Marvin Frazier with crimes they knew he did not commit, and to illegally

search and seize Marvin Frazier. In furtherance of this conspiracy, defendants Kroll and Stevens filled out and filed false and incomplete police reports relative to plaintiff's arrest. Marvin Frazier was charged with possession of a controlled substance.

31. On or about March 23, 2007, defendant Commander Al Wysinger conspired and agreed with named and unknown Chicago Police Officers to falsely charge Marvin Frazier with crimes they knew he did not commit, and to illegally search and seize Marvin Frazier.

32. Marvin Frazier was held in custody in Cook County Jail on false charges until September 27, 2007.

33. The case against Marvin Frazier was nolle prosequi after the court granted his motion to quash arrest on September 27, 2007 in the Circuit Court of Cook County, Illinois, indicative of his innocence.

34. As a direct and proximate result of the malicious actions of the co-conspirators, Marvin Frazier was injured, including the loss of his freedom, damage to his reputation, humiliation, pain, suffering, the deprivation of his constitutional rights and his dignity, lost time, wages, attorneys' fees, and extreme emotional distress.

**Count I**

**Against Kroll, Stevens, and Criscione for Section 1983 Fourth Amendment Violations —**

**Illegal Search and Seizures**

1-34. Plaintiff realleges paragraphs 1 through 34 above, as if fully set forth here.

35. The searches and seizures of the plaintiff's person and property performed willfully and wantonly by defendants Kroll, Stevens, and Criscione, as detailed above, individually and in conspiracy with each other, were in violation of plaintiff's right to be free of unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

36. As a proximate result of the above-detailed actions of defendants, plaintiff was injured, including the deprivation of his liberty and the taking of his property. In addition, the violations proximately caused the plaintiff great mental anguish and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, all to his damage.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against defendants Kroll, Stevens, and Criscione, jointly and severally, for compensatory damages against defendants officers in an amount in excess of TWO MILLION FIVE HUNDRED THOUSAND DOLLARS ($2,500,000), and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of TWO MILLION FIVE HUNDRED THOUSAND DOLLARS ($2,500,000), plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

## Count II

### 42 U.S.C. Section 1983 – False Imprisonment

1-34. Plaintiff realleges paragraphs 1 through 34 above, as if fully set forth here.

35. The actions of the individual defendants, described above, whereby defendants knowingly arrested and imprisoned plaintiff without probably cause or any other justification, constituted deliberate indifference to plaintiff's rights under the U.S. Constitution, thus violating the Fourteenth and Eighth Amendments to the United States Constitution.

36. As a direct and proximate result of these Constitutional violations, plaintiff was caused to suffer great pain, anguish, despair, disfigurement, and severe physical injuries.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against the individual defendants, jointly and severally, for compensatory damages against defendants officers

in an amount in excess of TWO MILLION FIVE HUNDRED THOUSAND DOLLARS ($2,500,000.00), and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of TWO MILLION FIVE HUNDRED THOUSAND DOLLARS ($2,500,000.00), plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

## COUNT III

**Against Kroll, Stevens, & Criscione For Section 1983 Due Process Violations**

1-34.    Plaintiff realleges paragraphs 1 through 34 above, as if fully set forth here.

35.    The actions of defendants Kroll, Stevens, and Criscione in withholding and concealing material exculpatory evidence necessary for a fair and impartial trial violated Plaintiff's right to Due Process, as guaranteed by the Fourteenth Amendment to the United States Constitution.

36.    As a direct and proximate result of the aforementioned Due Process violations, plaintiff was greatly injured, including the loss of his liberty and his property as detailed above. In addition, the violations proximately caused the plaintiff great mental anguish and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, all to his damage.

WHEREFORE, plaintiff demands judgment against defendants Kroll, Stevens, and Criscione, jointly and severally, for compensatory damages in an amount in excess of TWO MILLION FIVE HUNDRED THOUSAND DOLLARS ($2,500,000) and further demand judgment against each of said defendants, jointly and severally, for punitive damages in an amount

in excess of TWO MILLION FIVE HUNDRED THOUSAND DOLLARS ($2,500,000), plus attorneys' fees pursuant to statute and the costs of this action and such other relief as this Court deems just, proper, and equitable.

**Count IV**

**42 U.S.C. Section 1983 - *Monell* Claim Against City of Chicago**

1-34.　Plaintiff realleges paragraphs 1 through 34 above, as if fully set forth here.

35.　The constitutional violations detailed above were caused in part by the customs, policies, and practices of the defendants, as promulgated, enforced, and disseminated by the City of Chicago, and the Chicago Police Department, whereby those charged with ensuring compliance with the Constitution of the United States, in this case and many other cases, instead deliberately, willfully, and wantonly encouraged the infliction of psychological torture onto the citizens of the City of Chicago.

36.　The customs, policies, and practices that caused the constitutional violations herein alleged include:

(a) the extortion of individual citizens without a formal agreement or the aid of counsel, wherein police officers secure individual citizens' compliance with their demands to become an informant or else face harassment, arrest, and prosecution;

(b) the filing of false and incomplete police reports to hide criminal and unconstitutional conduct by officers;

(c) a code of silence whereby officers refuse to report the unconstitutional and criminal misconduct of other officers, including the unconstitutional and criminal conduct alleged in this Complaint;

(d) a code of silence whereby officers remain silent or give false and misleading information during official investigations to cover up unconstitutional and criminal misconduct, to protect themselves, and to protect other officers;

(e) the willful, wanton, and deliberately indifferent failure to train, supervise, and discipline police officers in regards to unconstitutional and criminal misconduct;

(f) the willful, wanton, and deliberately indifferent failure to train, supervise, and discipline police officers in order to prevent unconstitutional and criminal misconduct by police officers

(g) the failure to adequately investigate and substantiate allegations of unconstitutional and criminal misconduct by police officers;

(h) the failure to adequately discipline police officers that engage in unconstitutional and criminal misconduct;

37. The policies, practices, and customs herein complained of are so prevalent and widespread within the Chicago Police Department as to put City of Chicago policy makers on actual and implied notice that such policies existed in full force and effect.

38. City of Chicago policy makers acted willfully, wantonly, and deliberately indifferent towards the constitutional rights of plaintiff by accepting, monitoring, maintaining, protecting, and encouraging the unconstitutional policies, practices, and customs listed in paragraph 19 of this Complaint.

39. By acting willfully, wantonly, and deliberately indifferent towards the constitutional rights of plaintiff, City of Chicago policy makers approved, encouraged, and caused the constitutional violations alleged in this Complaint.

40. As a proximate result of the above-detailed actions of the defendants and City of Chicago policy makers, plaintiff was injured, including injuries resultant from the above detailed constitutional violations, pain, suffering, anguish, embarrassment, emotional injuries, mental injuries, psychological injuries, physical injuries, and permanent physical injuries. In addition, the violations proximately caused the plaintiff great humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, all to his damage.

WHERFORE, plaintiff demands judgment against the defendant City of Chicago for compensatory damages in an amount in excess of TWO MILLION DOLLARS ($2,000,000.00), plus attorney's fees pursuant to statute and the costs of this action, and such other and further relief as this Court deems just, proper, and equitable.

## Count V

### Against Kroll, Stevens, Criscione & Wysinger for 42 U.S.C. Section 1983 Failure to Intervene

1-34. Plaintiff realleges paragraphs 1 through 34 above, as if fully set forth here.

35. In the manner described throughout this Complaint, during the constitutional violations described herein, defendants stood by without intervening to prevent the misconduct described in this Complaint.

36. As a result of the Defendant Officers' failure to intervene to prevent the violations of Plaintiffs' constitutional rights, plaintiffs suffered pain and injury, as well as emotional distress, and a deprivation of their liberty, as is more fully described throughout this Complaint.

37. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of plaintiffs and others.

WHEREFORE, plaintiff demands judgment against defendants Kroll, Stevens, Criscione, and Wysinger jointly and severally, for compensatory damages in an amount in excess of TWO MILLION FIVE HUNDRED THOUSAND DOLLARS ($2,500,000) and further demand judgment against each of said defendants, jointly and severally, for punitive damages in an amount in excess of TWO MILLION FIVE HUNDRED THOUSAND DOLLARS ($2,500,000), plus attorneys' fees pursuant to statute and the costs of this action and such other relief as this Court deems just, proper, and equitable.

**Count VI**

**42 U.S.C. Section 1983 – Conspiracy to Deprive Constitutional Rights**

1-34. Plaintiff realleges paragraphs 1 through 34 above, as if fully set forth here.

35. As described more fully above, the Defendants reached an agreement amongst themselves to deprive Plaintiff of his Constitutional rights, all as described more fully throughout this Complaint.

36. In this manner, the Defendant Officers, acting in concert with other unknown coconspirators have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

37. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

38. As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated, and he suffered financial damages, severe emotional distress and anguish, and a deprivation of his liberty, as is more fully alleged above.

39. The misconduct described in this Count was undertaken with malice, willfulness,

and reckless indifference to Plaintiff's rights.

40. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully throughout this Complaint.

WHEREFORE, plaintiff demands judgment against defendants jointly and severally, for compensatory damages in an amount in excess of TWO MILLION FIVE HUNDRED THOUSAND DOLLARS ($2,500,000) and further demand judgment against each of said defendants, jointly and severally, for punitive damages in an amount in excess of TWO MILLION FIVE HUNDRED THOUSAND DOLLARS ($2,500,000), plus attorneys' fees pursuant to statute and the costs of this action and such other relief as this Court deems just, proper, and equitable.

## Count VII

### 745 ILCS 10/9-102

1-34. Plaintiff realleges paragraphs 1 through 34 above, as if fully set forth here.

35. Defendant City of Chicago is the employer of Defendants A. Kroll, Sgt. P. Stevens, A. Criscione, and Commander. Wysinger.

36. Defendants A. Kroll, Sgt. P. Stevens, A. Criscione, and Commander. Wysinger committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE, should A. Kroll, Sgt. P. Stevens, A. Criscione, and Commander. Wysinger be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the Defendant City of Chicago be found liable for any judgment

plaintiff obtains against said defendants, as well as attorneys fees and costs awarded.

## Count VIII

### Respondeat Superior

1-34.　Plaintiff realleges paragraphs 1 through 34 above, as if fully set forth here.

35.　In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the City of Chicago acting at all relevant times within the scope of their employment.

36.　Defendant City of Chicago of Romeoville is liable as principal for all torts committed by its agents.

WHEREFORE, should the Officer Defendants be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant respondeat superior, the Defendant City of Chicago be found liable for any judgment plaintiff obtains against said defendants, as well as attorneys fees and costs awarded.

## Count IX

### False Arrest — State Claim Against City and Officers

1-34.　Plaintiffs reallege paragraphs 1 through 34 above, as if fully set forth here.

35.　By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants knowingly sought to and did in fact arrest MARVIN FRAZIER on false charges for which they knew there was no probable cause.

36.　The City is sued in this Count pursuant to the doctrine of respondeat superior, in

that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of their employment.

37. As a direct and proximate result of the false arrest MARVIN FRAZIER was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, and anguish.

WHEREFORE, plaintiff demands judgment against defendants Kroll, Stevens, and Criscione, jointly and severally, for compensatory damages in an amount in excess of TWO MILLION FIVE HUNDRED THOUSAND DOLLARS ($2,500,000) and further demand judgment against each of said defendants, jointly and severally, for punitive damages in an amount in excess of TWO MILLION FIVE HUNDRED THOUSAND DOLLARS ($2,500,000), plus attorneys' fees pursuant to statute and the costs of this action and such other relief as this Court deems just, proper, and equitable.

### Count X

### Malicious Prosecution — State Claim Against City and Officers

1-34. Plaintiff realleges paragraphs 1 through 34 above, as if fully set forth here.

35. By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants knowingly sought to and did in fact maliciously prosecute MARVIN FRAZIER on false charges for which they knew there was no probable cause.

36. The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

37. As a direct and proximate result of the malicious prosecution, MARVIN FRAZIER

was damaged, including the value of his lost liberty, lost work, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation and anguish.

WHEREFORE, plaintiff demands judgment against defendants Kroll, Stevens, and Criscione, jointly and severally, for compensatory damages in an amount in excess of TWO MILLION FIVE HUNDRED THOUSAND DOLLARS ($2,500,000) and further demand judgment against each of said defendants, jointly and severally, for punitive damages in an amount in excess of TWO MILLION FIVE HUNDRED THOUSAND DOLLARS ($2,500,000), plus attorneys' fees pursuant to statute and the costs of this action and such other relief as this Court deems just, proper, and equitable.

### Count XI

### Intentional Infliction of Emotional Distress Against City and Officers

1-34.   Plaintiff realleges paragraphs 1 through 34 above, as if fully set forth here.

35.   The above-detailed conduct by the defendants was extreme and outrageous, exceeding all bounds of human decency.

36.   Defendants performed the acts detailed above with the intent of inflicting severe emotional distress on the plaintiff or with knowledge of the high probability that the conduct would cause such distress.

37.   As a direct and proximate result of this conduct, plaintiff did in fact suffer severe emotional distress, resulting in injury to his mind, body, and nervous system, including loss of sleep, mental anguish, nightmares, anxiety attacks, and flashbacks.

38.   The City is sued in this Count pursuant to the doctrine of respondeat superior, in

that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

WHEREFORE, plaintiff demands judgment against defendants Kroll, Stevens, and Criscione, jointly and severally, for compensatory damages in an amount in excess of TWO MILLION FIVE HUNDRED THOUSAND DOLLARS ($2,500,000) and further demand judgment against each of said defendants, jointly and severally, for punitive damages in an amount in excess of TWO MILLION FIVE HUNDRED THOUSAND DOLLARS ($2,500,000), plus attorneys' fees pursuant to statute and the costs of this action and such other relief as this Court deems just, proper, and equitable.

                                                    Respectfully submitted,

                                                    MARVIN FRAZIER

                                                /s      Christopher R. Smith
                                            By:    One of his attorneys

PLAINTIFF DEMANDS TRIAL BY JURY.

Christopher R. Smith
A Law Office of Christopher R. Smith
119 North Peoria, Suite 3A
Chicago, Illinois 60607
312-432-0400