**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARVIN FRAIZER,               ) | **No. 08 C 0830** |
|                         ) | |
|         Plaintiff,     ) | |
|                         ) | JUDGE COAR |
|      v.              ) | |
|                         ) | |
| CHICAGO POLICE OFFICERS, A. KROLL,   ) | |
| Star #14373, P. STEVENS, Star #11114, A.   ) | |
| CRISCIONE, Star #16195, COMMANDER A.   ) | |
| WYSINGER, UNKNOWN CHICAGO POLICE   ) | Magistrate Judge Valdez |
| OFFICERS, and the CITY OF CHICAGO,     ) | |
|                         ) | JURY DEMAND |
|         Defendants.    ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND
JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant, City of Chicago, ("City") by Mara S. Georges, Corporation Counsel for the City

of Chicago, for its answer, defenses, and jury demand to plaintiff's complaint, states as follows:

**INTRODUCTION**

1.    This is a civil action seeking damages against defendants for committing acts under

color of law, and depriving plaintiffs of rights secured by the Constitution and laws of the United

States.

**ANSWER**:    The City admits that plaintiff is seeking damages against defendants for

committing acts under color of law, and depriving plaintiff of rights secured by the Constitution

and laws of the United States.

**JURISDICTION**

2.    The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C.,

§ 1983, and § 1985; the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United

States; and pendent jurisdiction as provided under U.S.C., § 1367(a).

**ANSWER**:    The City admits that this court has jurisdiction over the federal claims in this action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343(a)(3).  The City further admits that this court has jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367.  The City denies that the United States Constitution provides plaintiff with a direct cause of action.  The City further denies that 42 U.S.C. § 1985 is jurisdictional.


## PARTIES

3.    Plaintiff is a citizen of the United States of America, who currently resides in Chicago, Cook County, Illinois.

**ANSWER**:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.


4.    Defendants, Chicago Police Officers, A. KROLL, P. STEVENS, A. CRISCIONE, COMMANDER A. WYSINGER, and other Unknown Chicago Police Officers, were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their individual capacities.

**ANSWER**:    The City admits that at the time of this occurrence, Chicago Police Officers A. Kroll, P. Stevens, A. Criscione and Commander A. Wysinger were duly licensed Chicago Police Officers. The City further admits that plaintiff is suing defendants A. Kroll, P. Stevens, A. Criscione and Commander A. Wysinger in their individual capacities.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.


5.    Defendant City of Chicago, ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the police officer

defendants.

**ANSWER**:    The City admits that it is a municipal corporation organized under the laws of the State of Illinois and is a employer of Chicago Police Officers A. Kroll, P. Stevens, A. Criscione and Commander A. Wysinger.  The City is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.


### FACTS

6.    On or about February 7, 2007, at approximately 6:00 p.m., Marvin Frazier was in the area of Central Avenue, in Chicago, Cook County, Illinois.

**ANSWER**:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.


7.    On February 7, 2007, without any lawful basis, defendants Kroll and Stevens arrested Marvin Frazier.

**ANSWER**:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.


8.    On February 7, 2007, Marvin Frazier was not charged with any crime.

**ANSWER**:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.


9.    Marvin Frazier was not transported to Cook County Jail.

**ANSWER**:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

3

10.     Defendants Kroll, Stevens, and other Unknown Chicago Police Officers made verbal contact with Marvin Frazier at the police station.

**ANSWER**:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

11.     Defendant Kroll provided Marvin Frazier with his cellular telephone number.

**ANSWER**:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

12.     Marvin Frazier was released from police custody with instructions to telephone defendant Kroll with information about drug activity. No police officer obtained written acknowledgment of any kind that Marvin Frazier agreed to be an informant.

**ANSWER**:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

13.     On more than one occasion after and excluding the February 7, 2007 arrest, defendant Kroll illegally seized Marvin Frazier without any lawful basis.

**ANSWER**:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

14.     During the seizures described in ¶13, defendant Kroll demanded information about drug activity.

**ANSWER**:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

15.    Prior to March 23, 2007, the Chicago Police Department's Internal Affairs Division ("IAD") interviewed Marvin Frazier in connection with the events described in this Complaint.

**ANSWER**:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

16.    The suspects of IAD's investigation were defendants Kroll and Stevens.

**ANSWER**:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

17.    Prior to March 23, 2007, the IAD investigator, a sergeant, spoke with Marvin Frazier's attorney.

**ANSWER**:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

18.    Prior to March 23, 2007, Marvin Frazier's attorney telephoned defendant Kroll's cellular phone.

**ANSWER**:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

19.    Marvin Frazier's attorney told defendant Kroll that Marvin Frazier had legal representation. Continuing, the attorney told defendant Kroll that any future questions to Marvin Frazier should be directed to his attorney.

**ANSWER**:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

5

20.    Defendant Kroll, in response, overtly stated that he was, "gonna go get," Marvin Frazier right now. During this conversation, defendant Kroll implied that he intended to arrest Marvin Frasier [*sic*] on false charges. Defendant Kroll then hung up his phone.

**ANSWER**:    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

21.    Marvin Frazier's attorney telephoned IAD and told the investigator about the phone call with defendant Kroll.

**ANSWER**:    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

22.    Marvin Frazier's attorney telephoned defendant Commander Al Wysinger in regards to the threats of defendant Kroll.

**ANSWER**:    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

23.    The next day, defendant Commander Al Wysinger returned Mr. Frazier's attorney's telephone call.

**ANSWER**:    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

24.    Defendant Commander Al Wysinger, after being told about the harassment and threats described above, assured the attorney that defendant Kroll would not bother or touch Mr. Frazier again.

**ANSWER**:    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

25.    Defendant Commander Al Wysinger reassigned defendant Kroll to another beat and separated defendant Kroll from his partner, defendant Stevens.

**ANSWER**:    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

26.    Defendant Commander Al Wysinger did not initiate a complaint register or any other investigation into the allegations of Mr. Frazier's attorney.    Defendant Commander Al Wysinger did not make any contact with IAD or OPS in regards to the allegations of Mr. Frasier's [*sic*] attorney.

**ANSWER**:    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

27.    Without any lawful basis, on March 23, 2007, defendants Stevens and Criscione arrested Marvin Frazier.

**ANSWER**:     The City admits, upon information and belief, based on Chicago Police

Department records, that defendants Stevens and Criscione arrested plaintiff on March 23, 2007.

The City is without knowledge or information sufficient to form a belief as to the  truth of the

remaining allegations in this paragraph.

28.    Defendant Stevens contacted defendant Kroll to inform defendant Kroll that, "we got our guy."

**ANSWER**:    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

28.[*sic*]        On March 23, 2007, the IAD investigator was made aware of the defendants' conduct. While Mr. Frasier [*sic*] was in police custody, defendant Kroll, Stevens, and/or Criscione searched information inside Mr. Frasier's [*sic*] cellular telephone and used the cellular telephone

without Mr. Frasier's [*sic*] permission.

**ANSWER**:      The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.


    29.      On February 7, 2007, defendants Kroll, Stevens, and Unknown Chicago Police Officers conspired and agreed amongst themselves to illegally search, seize, and arrest Marvin Frazier, and to hide and conceal evidence of their illegalities.

**ANSWER**:      The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.


    30.      On or about March 16, 2007 through and including March 23, 2007, defendants Kroll, Criscione, and Stevens conspired and agreed amongst themselves to falsely charge Marvin Frazier with crimes they knew he did not commit, and to illegally search and seize Marvin Frazier. In furtherance of this conspiracy, defendants Kroll and Stevens filled out and filed false and incomplete police reports relative to plaintiffs arrest. Marvin Frazier was charged with possession of a controlled substance.

**ANSWER**:      The City admits, upon information and belief, based on Chicago Police

Department records, that plaintiff was charged on March 23, 2007, with the crime of possession

of a controlled substance, 720 ILCS 570/402(c).   The City is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in this paragraph.


    31.      On or about March 23, 2007, defendant Commander Al Wysinger conspired and agreed with named and unknown Chicago Police Officers to falsely charge Marvin Frazier with crimes they knew he did not commit, and to illegally search and seize Marvin Frazier.

**ANSWER**:      The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

32.    Marvin Frazier was held in custody in Cook County Jail on false charges until September 27, 2007.

**ANSWER**:    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.


33.    The case against Marvin Frazier was nolle prosequi after the court granted his motion to quash arrest on September 27, 2007 in the Circuit Court of Cook County, Illinois, indicative of his innocence.

**ANSWER**:    The City is without knowledge or information sufficient to form a belief as to the

truth of the remainder of the allegations in this paragraph.


34.    As a direct and proximate result of the malicious actions of the co-conspirators, Marvin Frazier was injured, including the loss of his freedom, damage to his reputation, humiliation, pain, suffering, the deprivation of his constitutional rights and his dignity, lost time, wages, attorneys' fees, and extreme emotional distress.

**ANSWER**:    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.


## COUNT I

**Against Kroll, Stevens, and Criscione for Section 1983 Fourth Amendment Violations — Illegal Search and Seizures**


The City is not a party-defendant to count I.  Therefore, it does not answer the allegations in that count.


## COUNT II

**42 U.S.C. Section 1983 - False Imprisonment**

1-34.    Plaintiff realleges paragraphs 1 through 34 above, as if fully set forth here.

**ANSWER**:    The City's realleges its answers to paragraphs 1 through 34 above, as if fully set forth

herein.


35.    The actions of the individual defendants, described above, whereby defendants knowingly arrested and imprisoned plaintiff without probably [*sic*] cause or any other justification, constituted deliberate indifference to plaintiff's rights under the U.S. Constitution, thus violating the Fourteenth and Eighth Amendments to the United States Constitution.

**ANSWER**:    The City denies the allegations contained in this paragraph to the extent they are

directed toward the City.  The City is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained within this paragraph.


36.    As a direct and proximate result of these Constitutional violations, plaintiff was caused to suffer great pain, anguish, despair, disfigurement, and severe physical injuries.

**ANSWER**:    The City denies the allegations contained in this paragraph to the extent they are

directed toward the City.  The City is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained within this paragraph.


## COUNT III

### Against Kroll, Stevens, & Criscione For Section 1983 Due Process Violations


The City is not a party-defendant to count III.  Therefore, it does not answer the allegations in that count.


## COUNT IV

### 42 U.S.C. Section 1983 - *Monell* Claim Against City of Chicago

1-34.    Plaintiff realleges paragraphs 1 through 34 above, as fully set forth here.

**ANSWER**:    The City realleges its answers to paragraphs 1 through 34 above, as if fully set forth

herein.


35.    The constitutional violations detailed above were caused in part by the customs, policies, and practices of the defendants, as promulgated, enforced, and disseminated by the City of Chicago, and the Chicago Police Department, whereby those charged with ensuring compliance with the Constitution of the United States, in this case and many other cases, instead deliberately, willfully, and wantonly encouraged the infliction of psychological torture onto the citizens of the City of Chicago.

**ANSWER**:    The City denies the allegations contained in this paragraph to the extent they are

directed toward the City.  The City is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained within this paragraph.


36.    The customs, policies, and practices that caused the constitutional violations herein alleged include:

    (a)    the extortion of individual citizens without a formal agreement or the aid of counsel, wherein police officers secure individual citizens' compliance with their demands to become an informant or else face harassment, arrest, and prosecution;

    (b)    the filing of false and incomplete police reports to hide criminal and unconstitutional conduct by officers;

    (c)    a code of silence whereby officers refuse to report the unconstitutional and criminal misconduct of other officers, including the unconstitutional and criminal conduct alleged in this Complaint;

    (d)    a code of silence whereby officers remain silent or give false and misleading information during official investigations to cover up unconstitutional and criminal misconduct, to protect themselves, and to protect other officers;

    (e)    the willful, wanton, and deliberately indifferent failure to train, supervise, and discipline police officers in regards to unconstitutional and criminal misconduct;

    (f)    the willful, wanton, and deliberately indifferent failure to train, supervise, and discipline police officers in order to prevent unconstitutional and criminal misconduct by police officers [*sic*]

    (g)    the failure to adequately investigate and substantiate allegations of unconstitutional and criminal misconduct by police officers;

(h)    the failure to adequately discipline police officers that engage in unconstitutional and criminal misconduct;

**ANSWER**:    The City denies the allegations contained in this paragraph, including subparagraphs (a) through (h), to the extent they are directed toward the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.

37.    The policies, practices, and customs herein complained of are so prevalent and widespread within the Chicago Police Department as to put City of Chicago policy makers on actual and implied notice that such policies existed in full force and effect.

**ANSWER**:    The City denies the allegations of this paragraph.

38.    City of Chicago policy makers acted willfully, wantonly, and deliberately indifferent towards the constitutional rights of plaintiff by accepting, monitoring, maintaining, protecting, and encouraging the unconstitutional policies, practices, and customs listed in paragraph 19 [*sic*] of this Complaint.

**ANSWER**:    The City denies the allegations of this paragraph.

39.    By acting willfully, wantonly, and deliberately indifferent towards the constitutional rights of plaintiff, City of Chicago policy makers approved, encouraged, and caused the constitutional violations alleged in this Complaint.

**ANSWER**:    The City denies the allegations of this paragraph.

40.    As a proximate result of the above-detailed actions of the defendants and City of Chicago policy makers, plaintiff was injured, including injuries resultant from the above detailed constitutional violations, pain, suffering, anguish, embarrassment, emotional injuries, mental injuries, psychological injuries, physical injuries, and permanent physical injuries. In addition, the violations proximately caused the plaintiff great humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, all to his damage.

**ANSWER**:    The City denies the allegations contained in this paragraph to the extent they are directed toward the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.


## COUNT V

### Against Kroll, Stevens, Criscione & Wysinger for 42 U.S.C. Section 1983 Failure to Intervene

The City is not a party-defendant to count V.  Therefore, it does not answer the allegations in that count.


## COUNT VI

### 42 U.S.C. Section 1983 - Conspiracy to Deprive Constitutional Rights

1-34.   Plaintiff realleges paragraphs 1 through 34 above, as if fully set forth here.

**ANSWER**:    The City realleges its answers to paragraphs 1 through 34 above, as if fully set forth herein.


35.    As described more fully above, the Defendants reached an agreement amongst themselves to deprive Plaintiff of his Constitutional rights, all as described more fully throughout this Complaint.

**ANSWER**:    The City denies the allegations contained in this paragraph to the extent they are directed toward the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.


36.    In this manner, the Defendant Officers, acting in concert with other unknown coconspirators have conspired by concerted action to accomplish an unlawful purpose by an

13

unlawful means.

**ANSWER**:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.


37.    In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

**ANSWER**:    The City denies the allegations contained in this paragraph to the extent they are directed toward the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.


38.    As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated, and he suffered financial damages, severe emotional distress and anguish, and a deprivation of his liberty, as is more fully alleged above.

**ANSWER**:    The City denies the allegations contained in this paragraph to the extent they are directed toward the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.


39.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to Plaintiffs rights.

**ANSWER**:    The City denies the allegations contained in this paragraph to the extent they are directed toward the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.


40.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully throughout this Complaint.

**ANSWER**:    The City denies the allegations contained in this paragraph to the extent they are directed toward the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.


### COUNT VII

### 745 ILCS 10/9-102


1-34.   Plaintiff realleges paragraphs 1 through 34 above, as if fully set forth here.

**ANSWER**:    The City realleges its answers to paragraphs 1 through 34 above, as if fully set forth herein.


35.    Defendant City of Chicago is the employer of Defendants A. Kroll, Sgt. P. Stevens, A. Criscione, and Commander. [*sic*] Wysinger.

**ANSWER**:    The City admits it is a employer of defendants A. Kroll, Sgt. P. Stevens, A. Criscione, and Commander Wysinger.


36.    Defendants A. Kroll, Sgt. P. Stevens, A. Criscione, and Commander. [*sic*] Wysinger committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

**ANSWER**:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.


### COUNT VIII

### Respondeat Superior

15

1-34.   Plaintiff realleges paragraphs 1 through 34 above, as if fully set forth here.

**ANSWER**:    The City realleges its answers to paragraphs 1 through 34 above, as if fully set forth

herein.

35.   In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the City of Chicago acting at all relevant times within the scope of their employment.

**ANSWER**:    The City is without knowledge or information sufficient to form a belief as to the

 truth of the allegations in this paragraph.

36.   Defendant City of Chicago of Romeoville [*sic*] is liable as principal for all torts committed by its agents.

**ANSWER**:    The City states that Plaintiff's allegation regarding the liability of the City of

Chicago to pay for all torts committed by its agents is a vague, incomplete, and/or inaccurate

statement of the City's liability, and therefore, this allegation is denied.

## COUNT IX

### False Arrest — State Claim Against City and Officers

1-34.   Plaintiffs reallege paragraphs 1 through 34 above, as if fully set forth here.

**ANSWER**:    The City realleges its answers to paragraphs 1 through 34 above, as if fully set forth

herein.

35.   By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants knowingly sought to and did in fact arrest MARVIN FRAZIER on false charges for which they knew there was no probable cause.

16

**ANSWER**:    The City denies the allegations contained in this paragraph to the extent they are directed toward the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.


36.    The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of their employment.

**ANSWER**:    The City admits that plaintiff purports to sue the City under the doctrine of respondeat superior.  The City states that Plaintiff's allegation regarding the doctrine of respondeat superior is vague, incomplete, and/or inaccurate statement, and therefore, this allegation is denied. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph.


37.    As a direct and proximate result of the false arrest MARVIN FRAZIER was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, and anguish.

**ANSWER**:      The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.


## COUNT X

### Malicious Prosecution — State Claim Against City and Officers


1-34.   Plaintiff realleges paragraphs 1 through 34 above, as if fully set forth here.

**ANSWER**:      The City realleges its answers to paragraphs 1 through 34 above, as if fully set forth herein.

35.    By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants knowingly sought to and did in fact maliciously prosecute MARVIN FRAZIER on false charges for which they knew there was no probable cause.

**ANSWER**:    The City denies the allegations contained in this paragraph to the extent they are directed toward the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.

36.    The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

**ANSWER**:    The City admits that plaintiff purports to sue the City under the doctrine of respondeat superior.  The City states that Plaintiff's allegation regarding the doctrine of respondeat superior is vague, incomplete, and/or inaccurate statement, and therefore, this allegation is denied. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph.

37.    As a direct and proximate result of the malicious prosecution, MARVIN FRAZIER was damaged, including the value of his lost liberty, lost work, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation and anguish.

**ANSWER**:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## COUNT XI

### Intentional Infliction of Emotional Distress Against City and Officers

1-34.  Plaintiff realleges paragraphs 1 through 34 above, as if fully set forth here.

**ANSWER**:    The City realleges its answers to paragraphs 1 through 34 above, as if fully set forth

herein.

35.    The above-detailed conduct by the defendants was extreme and outrageous, exceeding all bounds of human decency.

**ANSWER**:    The City denies the allegations contained in this paragraph to the extent they are

directed toward the City.  The City is without knowledge or information sufficient to form a belief

as to the truth of the remaining allegations contained within this paragraph.

36.    Defendants performed the acts detailed above with the intent of inflicting severe emotional distress on the plaintiff or with knowledge of the high probability that the conduct would cause such distress.

**ANSWER**:     The City denies the allegations contained in this paragraph to the extent they are

directed toward the City.  The City is without knowledge or information sufficient to form a belief

as to the truth of the remaining allegations contained within this paragraph.

37.    As a direct and proximate result of this conduct, plaintiff did in fact suffer severe emotional distress, resulting in injury to his mind, body, and nervous system, including loss of sleep, mental anguish, nightmares, anxiety attacks, and flashbacks.

**ANSWER**:    The City is without knowledge or information sufficient to form a belief as to the

 truth of the allegations in this paragraph.

38.    The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

**ANSWER**:    The City admits that plaintiff purports to sue the City under the doctrine of respondeat

superior.  The City states that Plaintiff's allegation regarding the doctrine of respondeat superior is

vague, incomplete, and/or inaccurate statement, and therefore, this allegation is denied. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph.

**WHEREFORE**, the City prays that this Court enter judgment in its favor on Plaintiff's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.      Under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the state law claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct.  745 ILCS 10/2-202.

2.      Under the Illinois Tort Immunity Act, a public employee serving in a position involving the determination of policy or exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when action in the exercise of such discretion even though abused.  745 ILCS 10/2-201.

3.      Under the Illinois Tort Immunity Act, a public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause. 745 ILCS 10/2-208.

4.      Defendant Officers are not liable for any of Plaintiff's claims because they can not be held liable for acts or omissions of other people.  Under the Tort Immunity Act, Defendant

Officers are not liable for any of Plaintiff's alleged state law claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by the act or omission of another person.  745 ILCS 10/2-204.

5.    Plaintiff has a duty to mitigate his damages, and any damages awarded to Plaintiff would be required to be reduced by any amount by which the damages could have been lessened by Plaintiff's failure to take reasonable action to minimize those damages.

6.    To the extent any injuries or damages claimed by Plaintiff was proximately caused, in whole or in part, by any wrongful conduct on the part of the Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case.  See People of City of Rollings Meadows, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill. Dec. 171 (Ill. 1995).

7.    One basis for liability against the City is a claim for indemnity.  745 ILCS 10/9-102. If the Defendant Officers are found not liable to the Plaintiff, the City is not liable to the Plaintiff. 745 ILCS 10/2-109.

**JURY DEMAND**

Defendant City of Chicago requests a trial by jury.

Respectfully submitted,

MARA S. GEORGES,
CORPORATION COUNSEL
CITY OF CHICAGO

By:     */s/ Kathleen D. Manion*
        KATHLEEN D. MANION
        Assistants Corporation Counsel

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 742-9866
Attorney No.  06286785

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

MARVIN FRAIZER,                          )
                                         )     No.     08 C 0830
                          Plaintiff,     )
                                         )     JUDGE COAR
              v.                         )
                                         )
CITY OF CHICAGO,  et al.,                )
                                         )     JURY DEMAND
                          Defendants.    )

### NOTICE OF FILING AND CERTIFICATE OF SERVICE

To:     Christopher R. Smith
        A Law Office of Christopher R. Smith
        119 North Peoria Street - Suite 3A
        Chicago, Illinois 60607


        PLEASE TAKE NOTICE that on May 6, 2008 the City of Chicago will file its answer, defenses and jury demand to plaintiff's complaint, with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division.  A copy of that document is herewith served upon you.

        I hereby certify that I have served this notice and the attached document by causing it to be mailed to the person named above at the address shown this 6th day of May, 2008.

                              Respectfully submitted,

                              MARA S. GEORGES,
                              CORPORATION COUNSEL
                              CITY OF CHICAGO

                    By:     /s/ Kathleen D. Manion
                              KATHLEEN D. MANION
                              Assistant Corporation Counsel

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 742-9866
Attorney No.  06286785