**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MARVIN FRAZIER                              )
                                            )
                      Plaintiff,            )
                                            )
      v.                                    )      08 C 830
                                            )
CHICAGO POLICE OFFICERS                     )      JUDGE COAR
A. KROLL, Star #14373, P. STEVENS,          )
Star #11114, A. CRISCIONE, Star #16195,     )
COMMANDER A. WYSINGER,                      )
UNKNOWN CHICAGO POLICE                      )
OFFICERS, and the CITY OF CHICAGO,          )
                                            )
                      Defendants.           )

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Andrew Kroll, Peter Stevens and Adam Criscione ("Kroll", "Stevens" and

"Criscione" respectively, and "defendant officers" collectively), by their attorney, Alec M.

McAusland, Senior Asst. Corporation Counsel, submit the following answer, affirmative

defenses and jury demand.

## INTRODUCTION

1.      This is a civil action seeking damages against defendants for committing acts
under color of law, an depriving plaintiffs of rights secured by the Constitution and laws of the
United States.

**ANSWER:**      The defendant officers admit paragraph 1 describes the nature of this

action.

## JURISDICTION

2.      The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42
U.S.C. § 1983, and § 1985; the judicial code 28 U.S.C., § 1331 and 1343 (a); the Constitution of

the United States; and pendent jurisdiction as provided under U.S.C., § 1367(a).

  **ANSWER:**  The defendant officers admit the jurisdictional allegations of paragraph 2.

## PARTIES

  3.  Plaintiff is a citizen of the United States of America, who currently resides in Chicago, Cook County, Illinois.

  **ANSWER:**  The defendant officers admit, on information and belief, the allegations of

paragraph 3.

  4.  Defendants, Chicago Police Officers, A. KROLL, P. STEVENS, A. CRISCIONE, COMMANDER A. WYSINGER, and other Unknown Chicago Police Officers, were, at the time of this occurrence, duly licensed Chicago Police Officers.  they engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. they are sued in their individual capacities.

  **ANSWER:**  The defendant officers admit they were at all relevant times duly licenced

Chicago police officers, acting in the scope of their employment and under color of law.  The

defendant officers deny they engaged in the conduct complained of, consistent with their

following answers.

  5.  Defendant City of Chicago, ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the police officer defendants.

  **ANSWER:**  The defendant officers admit the allegations of paragraph 5.

## FACTS

  6.  On or about February 7, 2007, at approximately 6:00 p.m., Marvin Frazier was in the area of Central Avenue, in Chicago, Cook County, Illinois.

  **ANSWER:**  Kroll and Stevens admit, and Criscione admits on information and belief,

that at approximately 7:00 p.m. on the date alleged plaintiff was at the place alleged.  The

defendant officers are without knowledge or information sufficient to form a belief as to the truth

or falsity of the remaining allegations of paragraph 6.

7.    On February 7, 2007, without any lawful basis, defendants Kroll and Stevens
arrested Marvin Frazier.

**ANSWER:**    Kroll and Stevens deny, and Criscione denies on information and belief,

the allegations of paragraph 7.

8.    On February 7, 2007, Marvin Frazier was not charged with any crime.

**ANSWER:**    Kroll and Stevens admit, and Criscione admits on information and belief,

the allegations of paragraph 8.

9.    Marvin Frazier was not transported to Cook County Jail.

**ANSWER:**    Kroll and Stevens admit, and Criscione admits on information and belief,

the allegations of paragraph 9.

10.    Defendants Kroll, Stevens, and other Unknown Chicago Police Officers made
verbal contact with Marvin Frazier at the police station.

**ANSWER:**    Kroll and Stevens admit the allegations of paragraph 10.  Criscione is

without knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations of paragraph 10.

11.    Defendant Kroll provided Marvin Frazier with his cellular telephone number.

**ANSWER:**    Kroll and Stevens admit the allegations of paragraph 11.  Criscione is

without knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations of paragraph 11.

      12.    Marvin Frazier was released from police custody with instructions to telephone defendant Kroll with information about drug activity.  No police officer obtained written acknowledgement of any kind that Marvin Frazier agreed to be an informant.

    **ANSWER:**    Kroll and Stevens admit the allegations of paragraph 12.  Criscione is

without knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations of paragraph 12.

      13.    On more than one occasion after and excluding the February 7, 2007 arrest, defendant Kroll illegally seized Marvin Frazier without any lawful basis.

    **ANSWER:**    Kroll and Stevens deny the allegations of paragraph 10.  Criscione is

without knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations of paragraph 10.

      14.    During the seizures described in ¶ 13, defendant Kroll demanded information about drug activity.

    **ANSWER:**    Kroll and Stevens deny plaintiff was seized as alleged in paragraph 13, and

deny the allegations of paragraph 14.  Criscione is without knowledge or information sufficient

to form a belief as to the truth or falsity of the allegations of paragraph 14.

      15.    Prior to March 23, 2007, the Chicago Police Department's Internal Affairs Division ("IAD") interviewed Marvin Frazier in connection with the events described in this Complaint.

    **ANSWER:**    The defendant officers admit the allegations of paragraph 15.

4

16.    The suspects of IAD's investigation were defendants Kroll and Stevens.

**ANSWER:**    The defendant officers admit Kroll was named in the investigation.  The defendant officers are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 16.

17.    Prior to March 23, 2007, the IAD investigator, a sergeant, spoke with Marvin Frazier's attorney.

**ANSWER:**    The defendant officers admit the allegations of paragraph 17.

18.    Prior to March 23, 2007, Marvin Frazier's attorney telephoned defendant Kroll's cellular phone.

**ANSWER:**    Kroll admits the allegations of paragraph 18.  Cricscione and Stevens are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 18.

19.    Marvin Frazier's attorney told defendant Kroll that Marvin Frazier had legal representation.  Continuing, the attorney told defendant Kroll that any future questions to Marvin Frazier should be directed to his attorney.

**ANSWER:**    Kroll admits the allegations of paragraph 18.  Cricscione and Stevens are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 19.

20.    Defendant Kroll, in response, overtly stated that he was, "gonna go get," Marvin Frazier right now.  During this conversation, defendant Kroll implied that he intended to arrest Marvin Frazier on false charges.  Defendant Kroll then hung up his phone.

**ANSWER:**    Kroll denies the allegation that he stated he was "going to get" plaintiff, or that he implied to plaintiff's attorney that he planned to arrest plaintiff on false charges.  Kroll

5

admits he hung up the phone following his conversation with plaintiff's attorney. Cricscione and Stevens are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 20.

21.    Marvin Frazier's attorney telephoned IAD and told the investigator about the phone call with defendant Kroll.

**ANSWER:**    The defendant officers are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 21.

22.    Marvin Frazier's attorney telephoned defendant Commander Al Wysinger in regards to the threats of defendant Kroll.

**ANSWER:**    The defendant officers are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 22.

23.    The next day, defendant Commander Al Wysinger returned Mr. Frazier's attorney's telephone call.

**ANSWER:**    The defendant officers are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 23.

24.    Defendant Commander Al Wysinger, after being told about the harassment and threats described above, assured the attorney that defendant Kroll would not bother or tough Mr. Frazier again.

**ANSWER:**    The defendant officers are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 24.

25.    Defendant Commander Al Wysinger reassigned defendant Kroll to another beat and separated defendant Kroll from his partner, defendant Stevens.

**ANSWER:**    Kroll and Stevens deny the allegations of paragraph 25. Criscione is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 25.

26.    Defendant Commander Al Wysinger did not initiate a complaint register or any other investigation into the allegations of Mr. Frazier's attorney. Defendant Commander Al Wysinger did not make any contact with IAD or OPS in regards to the allegations of Mr. Frazier's attorney.

**ANSWER:**    The defendant officers are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 26.

27.    Without any lawful basis, on March 23, 2007, defendants Stevens and Criscione arrested Marvin Frazier.

**ANSWER:**    The defendant officers deny the allegations of paragraph 27.

28.    Defendant Stevens contacted defendant Kroll to inform defendant Kroll that, "we got our guy."

**ANSWER:**    The defendant officers deny Stevens stated that "we got our guy". The defendant officers admit the remaining allegations of paragraph 28.

29.    On February 7, 2007, defendants Kroll, Stevens, and Unknown Chicago Police Officers conspired and agreed amongst themselves to illegally search, seize, and arrest Marvin Frazier, and to hide and conceal evidence of their illegalities.

**ANSWER:**    The defendant officers deny the allegations of paragraph 29.

30.    On or about March 16, 2007 through and including March 23, 2007, defendants Kroll, Criscione, and Stevens conspired and agreed amongst themselves to falsely charge Marvin Frazier with crimes they knew he did not commit, and to illegally search and seize Marvin Frazier. In furtherance of this conspiracy, defendants Kroll and Stevens filled out and filed false and incomplete police reports relative to plaintiff's arrest. Marvin Frazier was charged with

possession of a controlled substance.

**ANSWER:**    The defendant officers admit plaintiff was charged with possession of a

controlled substance.  The defendant officers deny the remaining allegations of paragraph 30.

31.    On or about March 23, 2007, defendant Commander Al Wysinger conspired and
agreed with named and unknown Chicago Police Officers to falsely charge Marvin Frazier with
crimes they knew he did not commit, and to illegally search and seize Marvin Frazier.

**ANSWER:**    The defendant officers deny the allegations of paragraph 31.

32.    Marvin Frazier was held in custody in Cook County Jail on false charges until
September 27, 2007.

**ANSWER:**    The defendant officers admit plaintiff was held in Cook County Jail, but

deny the charges against him were false.  The defendant officers are without knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations of

paragraph 32.

33.    The case against Marvin Frazier was nolle prosequi after the court granted his
motion to quash arrest on September 27, 2007, in the Circuit Court of cook County, Illinois,
indicative of his innocence.

**ANSWER:**    The defendant officers are without knowledge or information sufficient to

form a belief as to the truth or falsity of the remaining allegations of paragraph 33.

34.    As a direct and proximate result of the malicious actions of the co-conspirators,
Marvin Frazier was injured, including the loss of his freedom, damage to his reputation,
humiliation, pain, suffering, the deprivation of his constitutional rights and his dignity, lost time,
wages, attorneys' fees, and extreme emotional distress.

**ANSWER:**    The defendant officers deny the allegations of paragraph 34.

**Count I**

**Against Kroll, Stevens, Criscione for Section 1983 Fourth Amendment Violations - Illegal Search and Seizures**

1-34.    Plaintiff realleges paragraphs 1 through 34 above, as if fully set forth here.

**ANSWER:**    The defendant officers reallege their answers to paragraphs 1-34 as their answer to paragraphs 1-34 of Count I.

35.    The searches and seizures of the plaintiff's person and property performed willfully and wantonly by defendants Kroll, Stevens, and Criscione, as detailed above, individually and in conspiracy with each other, were in violation of plaintiff's right to be free of unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

**ANSWER:**    The defendant officers deny the allegations of paragraph 35.

36.    As a proximate result of the above-detailed actions of defendants, plaintiff was injured, including the deprivation of his liberty and the taking of his property.  In addition, the violations proximately caused the plaintiff great mental anguish and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, all to his damage.

**ANSWER:**    The defendant officers deny the allegations of paragraph 36.

**WHEREFORE**, the defendant officers respectfully pray that this Honorable Court enter judgment in their favor on Count I, with fees and costs and with such other relief as this Honorable Court deems just.

**COUNT II**
**42 U.S.C. Section 1983 - False Imprisonment**

1-34.    Plaintiff realleges paragraphs 1 through 34 above, as if fully set forth here.

**ANSWER:**    The defendant officers reallege their answers to paragraphs 1-34 as their answer to paragraphs 1-34 of Count II.

9

35.     The actions of the individual defendants, described above, whereby defendants knowingly arrested and imprisoned plaintiff without probable cause or any other justification, constituted deliberate indifference to plaintiff's rights under the U.S. Constitution, thus violating the Fourteenth and Eighth Amendments to the United States Constitution.

**ANSWER:**     The defendant officers deny the allegations of paragraph 35.

36.     As a direct and proximate result of these Constitutional violations, plaintiff was caused to suffer great pain, anguish, despair, disfigurement, and severe physical injuries.

**ANSWER:**     The defendant officers deny the allegations of paragraph 36.

**WHEREFORE**, the defendant officers respectfully pray that this Honorable Court enter judgment in their favor on Count II, with fees and costs and with such other relief as this Honorable Court deems just.

## COUNT III

### Against Kroll, Stevens, & Criscione For Section 1983 Due Process Violations

1-34.   Plaintiff realleges paragraphs 1 through 34 above, as if fully set forth here.

**ANSWER:**     The defendant officers reallege their answers to paragraphs 1-34 as their answer to paragraphs 1-34 of Count IIII.

35.     The actions of defendants Kroll, Stevens, and Criscione in withholding and concealing material exculpatory evidence necessary for a fair and impartial trial violated Plaintiff's right to Due Process, as guaranteed by the Fourteenth Amendment to the United States Constitution.

**ANSWER:**     The defendant officers deny the allegations of paragraph 35.

36.     As a direct and proximate result of the aforementioned Due Process violations, plaintiff was greatly injured, including the loss of his liberty and his property as detailed above. In addition, the violations proximately caused the plaintiff great mental anguish and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, all to his damage.

**ANSWER:**    The defendant officers deny the allegations of paragraph 36.

**WHEREFORE**, the defendant officers respectfully pray that this Honorable Court enter judgment in their favor on Count III, with fees and costs and with such other relief as this Honorable Court deems just.

## Count IV

### 42 U.S.C. Section 1983 - *Monell* Claim Against City of Chicago

The defendant officers make no response to Count IV, as Count IV is not directed at them.

## Count V

### Against Kroll, Stevens, Criscione & Wysinger for 42 U.S.C. Section 1983 Failure to Intervene

1-34.    Plaintiff realleges paragraphs 1 through 34 above, as if fully set forth here.

**ANSWER:**    The defendant officers reallege their answers to paragraphs 1-34 as their

answer to paragraphs 1-34 of Count V.

35.    In the manner described throughout this complaint, during the constitutional violations described herein, defendants stood by without intervening to prevent the misconduct described in this Complaint.

**ANSWER:**    The defendant officers deny the allegations of paragraph 35.

36.    As a result of the Defendant Officers' failure to intervene to prevent the violations of Plaintiffs' constitutional rights, plaintiff suffered pain and injury, as well as emotional distress, and a deprivation of their liberty, as is more fully described throughout this Complaint.

**ANSWER:**    The defendant officers deny the allegations of paragraph 36.

37.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of plaintiffs and others.

11

**ANSWER:**     The defendant officers deny the allegations of paragraph 37.


**WHEREFORE**, the defendant officers respectfully pray that this Honorable Court enter judgment in their favor on Count V, with fees and costs and with such other relief as this Honorable Court deems just.


## Count VI

### 42 U.S.C. Section 1983 - Conspiracy to Deprive Constitutional Rights

1-34.   Plaintiff realleges paragraphs 1 through 34 above, as if fully set forth here.

**ANSWER:**     The defendant officers reallege their answers to paragraphs 1-34 as their

answer to paragraphs 1-34 of Count VI.


35.     As described more fully above, the defendants reached an agreement amongst themselves to deprive Plaintiff of his Constitutional rights, all as described more fully throughout this Complaint.

**ANSWER:**     The defendant officers deny the allegations of paragraph 35.


36.     In this manner, the Defendant Officers, acting in concert with other unknown coconspirators have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

**ANSWER:**     The defendant officers deny the allegations of paragraph 36.


37.     In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

**ANSWER:**     The defendant officers deny the allegations of paragraph 37.


38.     As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated, and he suffered financial damages, severe emotional distress and anguish, and a deprivation of his liberty, as if more fully alleged above.

**ANSWER:**    The defendant officers deny the allegations of paragraph 38.

39.    The misconduct described in this count was undertaken with malice, willfulness, and reckless indifference to Plaintiff's rights.

**ANSWER:**    The defendant officers deny the allegations of paragraph 39.

40.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully throughout this Complaint.

**ANSWER:**    The defendant officers deny the allegations of paragraph 40.

**WHEREFORE**, the defendant officers respectfully pray that this Honorable Court enter judgment in their favor on Count VI, with fees and costs and with such other relief as this Honorable Court deems just.

## Count VII

### 745 ILCS 10/9-102

1-34.    Plaintiff realleges paragraphs 1 through 34 above, as if fully set forth here.

**ANSWER:**    The defendant officers reallege their answers to paragraphs 1-34 as their answer to paragraphs 1-34 of Count VII.

35.    Defendant City of Chicago is the employer of Defendants A. Kroll, Sgt. P. Stevens, A. Criscione, and Commander. Wysinger.

**ANSWER:**    The defendant officers admit the allegations of paragraph 35.

36.    Defendants A. Kroll, Sgt. P. Stevens, A. Criscione, and Commander. Wysinger committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

13

**ANSWER:**    The defendant officers admit that at all times relevant to this action, they were acting under color of law and within the scope of their employment.  The defendant officers deny, consistent with their foregoing answers, that they committed the acts alleged.

## Count VIII

### Respondeat Superior

1-34.    Plaintiff realleges paragraphs 1 through 34 above, as if fully set fort here.

**ANSWER:**    The defendant officers reallege their answers to paragraphs 1-34 as their answer to paragraphs 1-34 of Count VIII.

35.    In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the City of Chicago acting at all relevant times within the scope of their employment.

**ANSWER:**    The defendant officers admit that at all times relevant to this action, they were acting within the scope of their employment.  The defendant officers deny, consistent with their foregoing answers, that they committed the acts alleged.

36.    Defendant City of Chicago of Romeoville is liable as principal for all torts committed by its agents.

**ANSWER:**    The defendant officers admit the City of Chicago is, within the confines of applicable law, liable for torts committed by its agents.  The defendant officers deny the remaining allegations of paragraph 36.

## Count IX

### False Arrest – State Claim Against City and Officers

14

1-34.    Plaintiffs reallege paragraphs 1 through 34 above, as if fully set forth here.

**ANSWER:**    The defendant officers reallege their answers to paragraphs 1-34 as their answer to paragraphs 1-34 of Count IX.

35.    By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants knowingly sought to and did in fact arrest MARVIN FRAZIER on false charges for which they knew there was no probable cause.

**ANSWER:**    The defendant officers deny the allegations of paragraph 35.

36.    The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of their employment.

**ANSWER:**    The defendant officers admit that at all times relevant to this action, they were acting within the scope of their employment.  The defendant officers deny, consistent with their foregoing answers, that they committed the acts alleged.

37.    As a direct and proximate result of the false arrest MARVIN FRAZIER was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, and anguish.

**ANSWER:**    The defendant officers deny the allegations of paragraph 37.

**WHEREFORE**, the defendant officers respectfully pray that this Honorable Court enter judgment in their favor on Count IX, with fees and costs and with such other relief as this Honorable Court deems just.

## Count X

### Malicious Prosecution - - State Claim Against City and Officers

1-34.    Plaintiff realleges paragraphs 1 through 34 above, as if fully set forth here.

**ANSWER:**    The defendant officers reallege their answers to paragraphs 1-34 as their

15

answer to paragraphs 1-34 of Count X.

35.    By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants knowingly sought to and did in fact maliciously prosecute MARVIN FRAZIER on false charges for which they knew there was no probable cause.

**ANSWER:**    The defendant officers deny the allegations of paragraph 35.

36.    The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

**ANSWER:**    The defendant officers admit that at all times relevant to this action, they were acting within the scope of their employment.  The defendant officers deny, consistent with their foregoing answers, that they committed the acts alleged.

37.    As a direct and proximate result of the false arrest MARVIN FRAZIER was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, and anguish.

**ANSWER:**    The defendant officers deny the allegations of paragraph 37.

**WHEREFORE**, the defendant officers respectfully pray that this Honorable Court enter judgment in their favor on Count X, with fees and costs and with such other relief as this Honorable Court deems just.

## Count XI

### Intentional Infliction of Emotional Distress Against City and Officers

1-34.    Plaintiff realleges paragraphs 1 through 34 above, as if fully set forth here.

**ANSWER:**    The defendant officers reallege their answers to paragraphs 1-34 as their answer to paragraphs 1-34 of Count XI.

16

35.    The above-detailed conduct by the defendants was extreme and outrageous, exceeding all bounds of human decency.

**ANSWER:**    The defendant officers deny the allegations of paragraph 35.

36.    Defendants performed the acts detailed above with the intent of inflicting severe emotional distress on the plaintiff or with knowledge of the high probability that the conduct would cause such distress.

**ANSWER:**    The defendant officers deny the allegations of paragraph 36.

37.    As a direct and proximate result of this conduct, plaintiff did in fact suffer severe emotional distress, resulting in injury to his mind, body, and nervous system, including loss of sleep, mental anguish, nightmares, anxiety attacks, and flashbacks.

**ANSWER:**    The defendant officers deny the allegations of paragraph 37.

38.    The City is sued in this Count pursuant to the doctrine of respondeat superior, that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

**ANSWER:**    The defendant officers admit that at all times relevant to this action, they were acting within the scope of their employment.  The defendant officers deny, consistent with their foregoing answers, that they committed the acts alleged.

**WHEREFORE**, the defendant officers respectfully pray that this Honorable Court enter judgment in their favor on Count XI, with fees and costs and with such other relief as this Honorable Court deems just.

## AFFIRMATIVE DEFENSES

1.    At all times during the events alleged in Plaintiff's complaint, a reasonable police officer in the positions of the defendant officers could have believed that his conduct was objectively reasonable and within constitutional limits that were clearly established at the time.

Thus, the defendant officers are entitled to qualified immunity for their  actions.

2.    Under the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-101, et seq., a local government employee acting in the execution or enforcement of the law cannot be liable for his actions, unless those actions were wilful and wanton.  Id. at § 2-202.  The defendant officers' complained of actions were not wilful or wanton.

## 12(b)(6) DEFENSES

1.    In Count II, the plaintiff alleges he was falsely imprisoned in violation of the Eighth and Fourteenth Amendments.  The protection of the Eighth Amendment applies only to persons who have been convicted of a crime and sentenced pursuant to conviction.

## JURY DEMAND

The defendant officers respectfully demand that this case be tried by jury.

Respectfully submitted,


    /s/ Alec M. McAusland
ALEC M. McAUSLAND
Senior Asst. Corporation Counsel

30 N. LaSalle Street, #1400
Chicago, Illinois 60602
(312) 744-4038
ATTY. NO.  06202724

18