IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARVIN FRAZIER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 08 C 830 |
| | ) | JUDGE COAR |
| CHICAGO POLICE OFFICERS | ) | MAGISTRATE JUDGE VALDEZ |
| A. KROLL, Star #14373, P. STEVENS, | ) | |
| Star #11114, A. CRISCIONE, Star #16195, | ) | |
| COMMANDER A. WYSINGER, | ) | |
| UNKNOWN CHICAGO POLICE | ) | |
| OFFICERS, and the CITY OF CHICAGO, | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

**DEFENDANT WYSINGER'S
ANSWER, AFFIRMATIVEDEFENSES, 12(B)(6) DEFENSES, AND
JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant Alfonza WYSINGER, (hereinafter referred to as "Defendant"), by one of his attorneys, Thomas Freitag, Assistant Corporation Counsel, for his Answer, Affirmative Defenses, Fed. R. Civ. P. 12(b)(6) Defenses, and Jury Demand to Plaintiff's Complaint, states as follows:

**INTRODUCTION**

1.  This is a civil action seeking damages against defendants for committing acts under color of law, and depriving plaintiffs of rights secured by the Constitution and laws of the United States.

**ANSWER:** Defendant admits the allegations contained in paragraph 1 of Plaintiff's Complaint, above, to the extent that Plaintiff purports in his Complaint to have such claims. Defendant denies the remaining allegations and complained of conduct contained in paragraph 1 of Plaintiff's Complaint, above.

**JURISDICTION**

2.      The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and § 1985; the judicial code 28 U.S.C., § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C., § 1367(a).

**ANSWER:**    Defendant admits the jurisdictional allegations of paragraph 2.

## PARTIES

3.      Plaintiff is a citizen of the United States of America, who currently resides in Chicago, Cook County, Illinois.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

4.      Defendants, Chicago Police Officers, A. KROLL, P. STEVENS, A. CRISCIONE, COMMANDER A. WYSINGER, and other Unknown Chicago Police Officers, were, at the time of this occurrence, duly licensed Chicago Police Officers.  they engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. they are sued in their individual capacities.

**ANSWER:**    The Defendant admits that he was at all times relevant to this complaint acting in the scope of his employment and under color of law, but denies he engaged in the conduct complained of, consistent with his answers.

5.      Defendant City of Chicago, ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the police officer defendants.

**ANSWER:**    Defendant Wysinger admits the allegations of this paragraph.

## FACTS

6.      On or about February 7, 2007, at approximately 6:00 p.m., Marvin Frazier was in the area of Central Avenue, in Chicago, cook County, Illinois.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

7. On February 7, 2007, without any lawful basis, defendants Kroll and Stevens arrested Marvin Frazier.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

8. On February 7, 2007, Marvin Frazier was not charged with any crime.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

9. Marvin Frazier was not transported to Cook County Jail.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

10. Defendants Kroll, Stevens, and other Unknown Chicago Police Officers made verbal contact with Marvin Frazier at the police station.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

11. Defendant Kroll provided Marvin Frazier with his cellular telephone number.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

12. Marvin Frazier was released from police custody with instructions to telephone defendant Kroll with information about drug activity. No police officer obtained written acknowledgement of any kind that Marvin Frazier agreed to be an informant.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

13. On more than one occasion after and excluding the February 7, 2007 arrest, defendant Kroll illegally seized Marvin Frazier without any lawful basis.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

14. During the seizures described in ¶ 13, defendant Kroll demanded information about drug activity.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

15. Prior to March 23, 2007, the Chicago Police Department's Internal Affairs Division ("IAD") interviewed Marvin Frazier in connection with the events described in this Complaint.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

16. The suspects of IAD's investigation were defendants Kroll and Stevens.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

17. Prior to March 23, 2007, the IAD investigator, a sergeant, spoke with Marvin Frazier's attorney.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

18. Prior to March 23, 2007, Marvin Frazier's attorney telephoned defendant Kroll's cellular phone.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

19. Marvin Frazier's attorney told defendant Kroll that Marvin Frazier had legal representation. Continuing, the attorney told defendant Kroll that any future questions to Marvin Frazier should be directed to his attorney.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

20. Defendant Kroll, in response, overtly stated that he was, "gonna go get," Marvin Frazier right now. During this conversation, defendant Kroll implied that he intended to arrest Marvin Frazier on false charges. Defendant Kroll then hung up his phone.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

21. Marvin Frazier's attorney telephoned IAD and told the investigator about the phone call with defendant Kroll.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

22. Marvin Frazier's attorney telephoned defendant Commander Al Wysinger in regards to the threats of defendant Kroll.

**ANSWER:** Upon information and belief, Defendant states that an attorney for Marvin Frazier did attempt to call Defendant, but denies any remaining alegations.

23. The next day, defendant Commander Al Wysinger returned Mr. Frazier's attorney's telephone call.

**ANSWER:** Defendant admits the allegations contained in Paragraph .

24. Defendant Commander Al Wysinger, after being told about the harassment and threats described above, assured the attorney that defendant Kroll would not bother or talk to Mr. Frazier again.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

25. Defendant Commander Al Wysinger reassigned defendant Kroll to another beat and separated defendant Kroll from his partner, defendant Stevens.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

26. Defendant Commander Al Wysinger did not initiate a complaint register or any other investigation into the allegations of Mr. Frazier's attorney. Defendant Commander Al Wysinger did not make any contact with IAD or OPS in regards to the allegations of Mr. Frazier's attorney.

**ANSWER:** Defendant admits the allegations contained in this Paragraph.

27. Without any lawful basis, on March 23, 2007, defendants Stevens and Criscione arrested Marvin Frazier.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

28. Defendant Stevens contacted defendant Kroll to inform defendant Kroll that, "we got our guy."

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

29. On February 7, 2007, defendants Kroll, Stevens, and Unknown Chicago Police Officers conspired and agreed amongst themselves to illegally search, seize, and arrest Marvin Frazier, and to hide and conceal evidence of their illegalities.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

30. On or about March 16, 2007 through and including March 23, 2007, defendants Kroll, Criscione, and Stevens conspired and agreed amongst themselves to falsely charge Marvin Frazier with crimes they knew he did not commit, and to illegally search and seize Marvin Frazier. In furtherance of this conspiracy, defendants Kroll and Stevens filled out and filed false and incomplete police reports relative to plaintiff's arrest. Marvin Frazier was charged with possession of a controlled substance.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

31. On or about March 23, 2007, defendant Commander Al Wysinger conspired and agreed with named and unknown Chicago Police Officers to falsely charge Marvin Frazier with crimes they knew he did not commit, and to illegally search and seize Marvin Frazier.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

32. Marvin Frazier was held in custody in Cook County Jail on false charges until September 27, 2997.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

33. The case against Marvin Frazier was nolle prosequi after the court granted his motion to quash arrest on September 27, 2007, in the Circuit Court of cook County, Illinois, indicative of his innocence.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

34.     As a direct and proximate result of the malicious actions of the co-conspirators, Marvin Frazier was injured, including the loss of his freedom, damage to his reputation, humiliation, pain, suffering, the deprivation of his constitutional rights and his dignity, lost time, wages, attorneys' fees, and extreme emotional distress.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

### Count I

### Against Kroll, Stevens, Criscione for Section 1983 Fourth Amendment Violations - Illegal Search and Seizures

This Count is directed only against the Defendants Kroll, Stevens and Criscoine. Defendant Wysinger therefore makes no answer to any allegation contained in this count.

### COUNT II
### 42 U.S.C. Section 1983 - False Imprisonment

1-34.   Plaintiff realleges paragraphs 1 through 34 above, as if fully set forth here.

**ANSWER:** Defendant reasserts his answers to Paragraphs 1-34 as their answers to this Paragraph, as if fully stated herein.

35.     The actions of the individual defendants, described above, whereby defendants knowingly arrested and imprisoned plaintiff without probable cause or any other justification, constituted deliberate indifference to plaintiff's rights under the U.S. Constitution, thus violating the Fourteenth and Eighth Amendments to the United States Constitution.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

36.     As a direct and proximate result of these Constitutional violations, plaintiff was caused to suffer great pain, anguish, despair, disfigurement, and severe physical injuries.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

### COUNT III

**Against Kroll, Stevens, & Criscione For Section 1983 Due Process Violations**

This Count is directed only against the Defendants Kroll, Stevens and Criscoine. Defendant Wysinger therefore makes no answer to any allegation contained in this count.

### Count IV

**42 U.S.C. Section 1983 - *Monell* Claim Against City of Chicago**

This Count is directed only against the Defendant City of Chicago. Defendant Wysinger therefore makes no answer to any allegation contained in this count.

### Count V

**Against Kroll, Stevens, Criscione & Wysinger for 42 U.S.C. Section 1983 Failure to Intervene**

1-34.   Plaintiff realleges paragraphs 1 through 34 above, as if fully set forth here.

**ANSWER:**   Defendant reasserts his answers to Paragraphs 1-34 as their answers to this Paragraph, as if fully stated herein.

35.   In the manner described throughout this complaint, during the constitutional violations described herein, defendants stood by without intervening to prevent the misconduct described in this Complaint.

**ANSWER:**   Defendant denies the allegations contained in this Paragraph.

36.   As a result of the Defendant Officers' failure to intervene to prevent the violations of Plaintiffs' constitutional rights, plaintiff suffered pain and injury, as well as emotional distress, and a deprivation of their liberty, as is more fully described throughout this Complaint.

**ANSWER:**   Defendant denies the allegations contained in this Paragraph.

37.   The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of plaintiffs and others.

**ANSWER:**   Defendant denies the allegations contained in this Paragraph.

## Count VI

### 42 U.S.C. Section 1983 - Conspiracy to Deprive Constitutional Rights

1-34.   Plaintiff realleges paragraphs 1 through 34 above, as if fully set forth here.

**ANSWER:**   Defendant reasserts his answers to Paragraphs 1-34 as their answers to this Paragraph, as if fully stated herein.

35.   As described more fully above, the defendants reached an agreement amongst themselves to deprive Plaintiff of his Constitutional rights, all as described more fully throughout this Complaint.

**ANSWER:**   Defendant denies the allegations contained in this Paragraph.

36.   In this manner, the Defendant Officers, acting in concert with other unknown coconspirators have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

**ANSWER:**   Defendant denies the allegations contained in this Paragraph.

37.   In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

**ANSWER:**   Defendant denies the allegations contained in this Paragraph.

38.   As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated, and he suffered financial damages, severe emotional distress and anguish, and a deprivation of his liberty, as if more fully alleged above.

**ANSWER:**   Defendant denies the allegations contained in this Paragraph.

39.   The misconduct described in this count was undertaken with malice, willfulness, and reckless indifference to Plaintiff's rights.

**ANSWER:**   Defendant denies the allegations contained in this Paragraph.

40. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully throughout this Complaint.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

### Count VII

### 745 ILCS 10/9-102

1-34. Plaintiff realleges paragraphs 1 through 34 above, as if fully set forth here.

**ANSWER:** Defendant reasserts his answers to Paragraphs 1-34 as their answers to this Paragraph, as if fully stated herein.

35. Defendant City of Chicago is the employer of Defendants A. Kroll, Sgt. P. Stevens, A. Criscione, and Commander. Wysinger.

**ANSWER:** Defendant admits the allegations contained in this Paragraph.

36. Defendants A. Kroll, Sgt. P. Stevens, A. Criscione, and Commander. Wysinger committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

**ANSWER:** The Defendant admits that he was at all times relevant to this complaint acting in the scope of his employment and under color of law, but denies he engaged in the conduct complained of, consistent with his answers.

### Count VIII

### Respondeat Superior

1-34. Plaintiff realleges paragraphs 1 through 34 above, as if fully set fort here.

**ANSWER:**   Defendant reasserts his answers to Paragraphs 1-34 as their answers to this Paragraph, as if fully stated herein.

35.   In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the City of Chicago acting at all relevant times within the scope of their employment.

**ANSWER:**   The Defendant admits that he was at all times relevant to this complaint acting in the scope of his employment and under color of law, but denies, consistent with his answers, that he committed the acts alleged.

36.   Defendant City of Chicago of Romeoville is liable as principal for all torts committed by its agents.

**ANSWER:**   Defendant admits that the City of Chicago is, within the confines of applicable law, liable for torts committed by its agents, but denies any remaining allegations.

## Count IX

### False Arrest – State Claim Against City and Officers

1-34.   Plaintiffs reallege paragraphs 1 through 34 above, as if fully set forth here.

**ANSWER:**   Defendant reasserts his answers to Paragraphs 1-34 as their answers to this Paragraph, as if fully stated herein.

35.   By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants knowingly sought to and did in fact arrest MARVIN FRAZIER on false charges for which they knew there was no probable cause.

**ANSWER:**   Defendant denies the allegations contained in this Paragraph.

36.   The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of their employment.

**ANSWER:**   The Defendant admits that he was at all times relevant to this complaint acting in the scope of his employment and under color of law, but denies, consistent with his answers, that he committed the acts alleged.

37.   As a direct and proximate result of the false arrest MARVIN FRAZIER was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, and anguish.

**ANSWER:**   Defendant denies the allegations contained in this Paragraph.

## Count X

### Malicious Prosecution - - State Claim Against City and Officers

1-34.   Plaintiff realleges paragraphs 1 through 34 above, as if fully set forth here.

**ANSWER:**   Defendant reasserts his answers to Paragraphs 1-34 as their answers to this Paragraph, as if fully stated herein.

35.   By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants knowingly sought to and did in fact maliciously prosecute MARVIN FRAZIER on false charges for which they knew there was no probable cause.

**ANSWER:**   Defendant denies the allegations contained in this Paragraph.

36.   The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

**ANSWER:**   The Defendant admits that he was at all times relevant to this complaint acting in the scope of his employment and under color of law, but denies, consistent with his answers, that he committed the acts alleged.

37.     As a direct and proximate result of the false arrest MARVIN FRAZIER was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, and anguish.

**ANSWER:**   Defendant denies the allegations contained in this Paragraph.

### Count XI

### Intentional Infliction of Emotional Distress Against City and Officers

1-34.   Plaintiff realleges paragraphs 1 through 34 above, as if fully set forth here.

**ANSWER:**   Defendant reasserts his answers to Paragraphs 1-34 as their answers to this Paragraph, as if fully stated herein.

35.     The above-detailed conduct by the defendants was extreme and outrageous, exceeding all bounds of human decency.

**ANSWER:**   Defendant denies the allegations contained in this Paragraph.

36.     Defendants performed the acts detailed above with the intent of inflicting severe emotional distress on the plaintiff or with knowledge of the high probability that the conduct would cause such distress.

**ANSWER:**   Defendant denies the allegations contained in this Paragraph.

37.     As a direct and proximate result of this conduct, plaintiff did in fact suffer severe emotional distress, resulting in injury to his mind, body, and nervous system, including loss of sleep, mental anguish, nightmares, anxiety attacks, and flashbacks.

**ANSWER:**   Defendant denies the allegations contained in this Paragraph.

38.     The City is sued in this Count pursuant to the doctrine of respondeat superior, that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

**ANSWER:** The Defendant admits that he was at all times relevant to this complaint acting in the scope of his employment and under color of law, but denies, consistent with his answers, that he committed the acts alleged.

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE
### QUALIFIED IMMUNITY

Defendant Officers are government officials, namely police officers, who performed discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendants could have believed his actions to be lawful, in light of clearly established law and the information that Defendants possessed. Defendants, therefore, are entitled to qualified immunity as a matter of law.

### SECOND AFFIRMATIVE DEFENSE
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-201

As to all state law claims, under the Illinois Tort Immunity Act, Defendants are not liable for any of the claims alleged because the decision to arrest Plaintiff was based upon the information and circumstances known to Defendants at the time, and was a discretionary decision for which he is immune from liability. 745 ILCS 10/2-201 (West 2006).

### THIRD AFFIRMATIVE DEFENSE
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-202

Defendant Officers were working as police officers at the time of this incident. Therefore, as to all claims, under the Illinois Tort Immunity Act, Defendants are not liable for any of the claims alleged because a public employee is not liable for his or her acts or omissions in the

execution or enforcement of any law, unless such acts or omissions constitute wilful and wanton conduct. 745 ILCS 10/2-202 (West 2006).

### FOURTH AFFIRMATIVE DEFENSE
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-204

Defendants are not liable for any of Plaintiff's alleged claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204 (West 2006).

### FIFTH AFFIRMATIVE DEFENSE
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-208

Under Illinois Tort immunity law, Defendants are not liable for injury allegedly caused by the instituting or prosecuting any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause. 745 ILCS 10/2-208(West 2006).

### SIXTH  AFFIRMATIVE DEFENSE
### STATE COMPARATIVE AND CONTRIBUTORY FAULT LAW

That any injuries or damages claimed by the Plaintiff against Defendants were caused, in whole or in part, by negligent, wilful and wanton, and intentional conduct of the Plaintiff. Even if Defendants were liable in damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the negligent, wilful and wanton and intentional conduct of Plaintiff which were the proximate cause of his injuries. In addition, at the time of the actions alleged in Plaintiff's Complaint, Illinois statute 735 ILCS 5/2-1116 (West 2006) was in effect and reduces a plaintiff's recovery according to his contributory negligence and bars his recovery entirely when

a plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

### SEVENTH AFFIRMATIVE DEFENSE: MITIGATION OF DAMAGES

To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate his damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by a jury in this case.

### FED. RULE CIV. PRO. 12(b)(6) DEFENSES
### FIRST 12(b)(6) DEFENSE: PUNITIVE DAMAGES IN VIOLATION OF DUE PROCESS

An award of punitive damages would deprive Defendant of due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution where:

(a)  liability for punitive damages has not been proven beyond a reasonable doubt, or at least by clear and convincing evidence; and,

(B) the award of punitive damages is disproportionate to actual damages

### SECOND 12(b)(6) DEFENSE: FAILURE OF GENERAL DUE PROCESS CLAIM

To the extent that plaintiff is making a general due process claim in Count III of his Complaint, his complaint should be dismissed.  Plaintiff cannot state a general claim for a constitutional violation of his due process rights.

### THIRD 12(b)(6) DEFENSE: COUNT IX OF PLAINTIFFS' COMPLAINT IS DUPLICATIVE AND FAILS TO STATE A SEPARATE CAUSE OF ACTION

To the extent Plaintiffs are claiming separate causes of action in Count VI of their Complaint, those causes of action should be dismissed as duplicative, for Plaintiffs already plead

the same causes of action within the other counts of their Complaint.

## CONCLUSION

WHEREFORE, Defendant respectfully requests that judgment be entered in his favor and against Plaintiff in this matter, including for costs of defending this suit, and any other relief this Court deems necessary and proper.

## JURY DEMAND

Defendant hereby demands a jury trial for all issues so triable.

Respectfully submitted,

*/S/ Thomas H. Freitag*
THOMAS H. FREITAG
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-7391
(312) 744-6566 (Fax)
Atty. No.: 06272245